UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAWN DAVIS, | : | |
| | : | |
| Plaintiff, | : | Case no.: 3:16-cv-00761-VAB |
| | : | |
| vs. | : | |
| | : | |
| DOLLAR TREE STORES, INC., | : | |
| | : | |
| Defendant. | : | JANUARY 6, 2017 |

## FIRST AMENDED COMPLAINT

1. Plaintiff Dawn Davis was and is a citizen of the State of Connecticut residing in the Town of Plainfield.

2. Defendant Dollar Tree Stores, Inc. was and is a corporation organized and existing under the laws of the State of Virginia with a principal place of business located at 500 Volvo Parkway, Chesapeake, VA, 23320. Defendant owns and operates Dollar Tree retail stores throughout Connecticut including in Hartford County.

3. At all times material, plaintiff was an employee with the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq*.

4. At all times material, defendant was and is an employer within the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq*.

5. Plaintiff began employment with the Defendant in or about October of 2013.

6. Plaintiff began her employment as an assistant manager working part time at the Defendant's store located at 564 Providence Road, Brooklyn, Connecticut 06234.

7. Plaintiff is female

8. Plaintiff was qualified for the job she held with the defendant.

9. Plaintiff performed her job at or above a satisfactory level.

10. Plaintiff's direct supervisor was Melanie Barry.

11. Barry's boyfriend Joseph Devalle was in the store where Plaintiff worked often and would make comments to the Plaintiff "suck a fat cock" and "suck a fart out of my ass."

12. Joseph Devalle would refer to the Plaintiff as a slut, skank and a whore.

13. Plaintiff was subjected to sexual harassment in the workplace.

14. The comments by Joseph Devalle were unwelcomed and offensive.

15. On or about April 4, 2015 Plaintiff made a complaint to the District Manager Mike Decurella about Joseph Devalle's sexual harrassment while in the store.

16. On or about April 9, 2015, Plaintiff made a complaint directly to her direct supervisor, Barry, who was aware Plaintiff had complained to the District Manager

17. Plaintiff told her direct Barry that next time Joseph Devalle treats her this way in the store Plaintiff will call the police.

18. In response, Barry told Plaintiff, "I will have you fired."

19. On or about April 10, 2015, Human Resources came to investigate Plaintiff's complaint.

20. On or about April 10, 2015, Barry found out another employee had written a statement against her. Barry asked Plaintiff what the other statement said and told Plaintiff "I will go to people's houses and punch them in the face if they are writing statements against me."

21. On or about April 13, 2015 Plaintiff was suspended by the District Manager for an event that took place months prior. Specifically that Plaintiff allegedly inappropriately touched Joseph Devalle.

22. Plaintiff disputed the facts regarding the reason for her suspension.

23. Plaintiff asked the District Manager why after she made complaints she was all of a sudden the one being suspended.

24. On or about April 17, 2015, Plaintiff was terminated.

25. On or about October 6, 2015, Plaintiff filed her Complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO).

26. On or about October 6, 2015, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC complaint was brought against the defendant.

27. On or about January 28, 2016, Plaintiff received a release of jurisdiction from the CHRO attached hereto as Exhibit 1.

28. On or about July 11, 2016, plaintiff received a right to sue letter from the EEOC. (copy attached hereto as Ex. 2).

## FIRST COUNT
### (Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations paragraphs 1 through 28 as if fully incorporated herein.

29. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) in one or more of the following ways.

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

    b. In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of her employment and/or employment opportunities;

c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

d. In that defendant treated the plaintiff adversely different from similarly situated employees;

e. In that defendant terminated the plaintiff from her employment on account of her gender;

f. In that defendant discriminated against the plaintiff in the terms and conditions of her employment on the basis of gender;

g. In that defendant intentionally discriminated against the plaintiff.

30. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1), plaintiff suffered damages including: loss of employment, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

31. As a further result of defendant's termination of plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

32. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

33. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by discriminating against her and terminating her on the basis of her gender.

## SECOND COUNT
**(Hostile Work Environment/Sexual Harassment in Violation of C.G.S. §46a-60(a)(8)**

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

34. Plaintiff was repeatedly subjected to sexual harassment in the workplace. The harassment was repetitious and continuous.

35. The harassment was unwelcome.

36. The harassment was sexual in nature.

37. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

38. Defendant knew or should have known that the plaintiff was being sexually harassed and unreasonably failed to stop the sexual harassment.

39. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## THIRD COUNT
### (Retaliation in Violation of C.G.S. §46a-60(a)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 39 as though fully set forth herein.

40. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4) in one or more of the following ways:

   a. In that defendant retaliated against the plaintiff for complaining that she was being subjected to a hostile work environment involving sexual and gender harassment.

41. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

42. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

43. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

44. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

## FOURTH COUNT
### (Gender Discrimination in Violation of Title VII)

1. Plaintiff repeats the allegations paragraphs 1 through 44 as if fully incorporated herein.

45. On or about October 6, 2015, plaintiff filed a complaint against defendant with the EEOC.

46. Plaintiff received a right to sue letter from the EEOC on or about July 11, 2016.

47. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 in one or more of the following ways.

  a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

  b. In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of her employment and/or employment opportunities;

  c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

  d. In that defendant treated the plaintiff adversely different from similarly situated employees;

  e. In that defendant terminated the plaintiff from her employment on account of her gender;

    f.    In that defendant discriminated against the plaintiff in the terms and conditions of her employment on the basis of gender;

    g.    In that defendant intentionally discriminated against the plaintiff.

48.    As a result of defendant's violation of Title VII, plaintiff suffered damages including: loss of employment, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

49.    As a further result of defendant's termination of plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

50.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

51.    The defendant exhibited reckless indifference to the plaintiff's civil rights by discriminating against her and terminating her on the basis of her gender.

## FIFTH COUNT
**(Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.)**

1.    Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

52.    The acts and/or omissions of the defendant as described in this Complaint constitute sexual harassment within the meaning of Title VII of the Civil Rights Act of 1964.

53.    Defendant, by and through its agents and/or employees violated Title VII of the Civil Rights Act of 1964 in one or more of the following ways:

    a.    In that defendant subjected plaintiff to sexual harassment in the workplace;

    b.    In that defendant failed to take action or adequate action to protect the plaintiff from sexual harassment;

    c.      In that defendant tolerated or permitted sexual harassment.

54. The sexual harassment as described in this Complaint had the purpose or effect of substantially interfering with plaintiff's work performance or creating an intimidating, hostile or offensive working environment.

55. Devalle's conduct was unwelcomed by the plaintiff.

56. Devalle's conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment.

57. Plaintiff perceived the working environment to be abusive or hostile.

58. A reasonable woman in plaintiff's circumstances would consider the working environment to be abusive or hostile.

59. As a result of the sexual harassment, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefit and/or retirement plans.

60. As a further result of the sexual harassment, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

61. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendants' unlawful conduct

62. Defendant exhibited reckless indifference to plaintiff's civil rights.

### SIXTH COUNT
### (Retaliation in Violation of Title VII)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 62 as though fully set forth herein.

63. Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

        a.     In that defendant retaliated against the plaintiff for complaining that she was being subjected to a hostile work environment involving sexual and gender harassment.

64. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

65. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

66. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

67. The defendant exhibited reckless indifference to the plaintiff's civil rights by retaliating against her.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; job reinstatement with promotion; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 6th day of January, 2017.

_____
James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
CT 19899

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**Dawn Davis**
**COMPLAINANT**

CHRO No. 1640208

vs.

EEOC No. 16A201600278

**Dollar Tree Stores, Inc.**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: January 28, 2016

Tanya A. Hughes, Executive Director

cc: Complainant: Dawn Davis, 18 Judy Drive, Plainfield, CT 06374
    Complainant's Attorney: James V. Sabatini: jsabatini@sabatinilaw.com
    Respondent: n/a
    Respondent's Attorney: Sarah K. McConaughy: smcconaughy@dollartree.com

# EXHIBIT 2

EEOC Form 161-B (11/09)
---

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Dawn Davis<br>18 Judy Drive<br>Plainfield, CT 06374 | **From:** Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-00278 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

Feng K. An,
Area Office Director

JUL 1 1 2016 (Date Mailed)

Enclosures(s)

cc:
DOLLAR TREE STORES, INC.
500 Volvo Parkway
Chesapeake, VA 23320

Megan L. Piltz, Esq.
SABATINI & ASSOC., LLC
One Market Square
Newington, CT 06111